MICHAEL P. STONE, SBN 91142
MUNA BUSAILAH, SBN 166328,
ROBERT RABE, SBN 72312, members of
STONE BUSAILAH, LLP
*A Partnership of Professional Law Corporations*
1055 East Colorado Boulevard, Suite 320
Pasadena, California 91106

Telephone:     (626) 683-5600
Facsimile:      (626) 683-5656
Email:            m.busailah@police-defense.com

Attorneys for Defendant, SCOTT CRAIG

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SCOTT CRAIG, <br><br> Defendant. | NO.  CR 13-00819-PA <br> NO.  2:18-CV-3479 <br><br> **STATUS REPORT REGARDING MEDICAL TREATMENT OF SCOTT CRAIG** <br><br> *Expedited Consideration Requested* <br><br> (Assigned for all Purposes to Honorable Percy Anderson, United States District Judge) |

**TO THE COURT AND ALL PARTIES BY COUNSEL:**

COMES NOW the Defendant Scott Craig, through his counsel, Robert Rabe, respectfully proffers Exhibit A (an electronic mail message from Scott Craig, via his wife, Annette Craig, dated May 21, 2018) and Exhibit B (an electronic mail message from Annette Craig, dated May 21, 2018) to advise the Court of the current status of Defendant's medical treatment.

/ / /

---
STATUS REPORT REGARDING MEDICAL TREATMENT OF SCOTT CRAIG

1

The exigence of Scott Craig's medical treatment has not diminished; Mr. Craig respectfully requests expeditious consideration and action, in order to save his life.

Dated: May 22, 2018          STONE BUSAILAH, LLP

*Robert Rabe*
ROBERT RABE, Attorneys for
Defendant Scott Craig

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

STATUS REPORT REGARDING MEDICAL TREATMENT OF SCOTT CRAIG

# Robert Rabe

**From:** Annette Craig
**Sent:** Monday, May 21, 2018 10:59 AM
**To:** Robert Rabe; Muna Busailah
**Subject:** Update from Scott

Good Morning Robert & Muna,
Scott sent me the following update to share with you.

As I'm sure you're already aware I had a port surgically implanted last Wednesday (5-15-18). On Thursday (5-16-18) Ms. Klett from BOP's legal office met with me and wanted to make sure I was aware of the following:
1. The BOP was working to get me scheduled to have a port implanted (she was unaware this had already been completed)
2. There were several options available to me:
    A. Receive chemotherapy at a local medical facility.
    B. Compassionate Release
    C. Transfer to a BOP medical facility in North Carolina (BOP medical staff at Florence have already begun exploring this option. This would further delay treatment. Such a transfer would involve either an airlift or ground transportation to a BOP transfer center in Oklahoma and await the next available transportation going east).

Ms. Klett informed me the BOP was powerless to place me on home confinement prior to June 8, 2019. She informed me the only person who could modify my sentence was my "sentencing judge".

On Friday (5-17-18) Mrs. Fellows, a BOP Social Worker, met with me and discussed the requirements for a compassionate release. She provided me with a copy of the BOP's policy regarding these types of releases. She informed me she did not believe I currently met the requirements.

NOTE: I did not request a meeting with either Ms. Klett (Legal) and/or Mrs. Fellows (Social Worker). I have no information as to who directed them to visit me at the camp.

I believe it is fairly obvious that Judge Anderson's involvement has forced the BOP to provide medical care in a timely manner.

I'm not entirely sure how long Judge Anderson intends to stay involved (Holding the BOP to task). I believe it's reasonable to believe, based on the BOP's performance thus far, once Juge Anderson is no longer involved my care will revert back to substandard.

I believe a modification to my sentence, by Judge Anderson, would allow me to receive the medical care I need and am constitutionally guaranteed. Home confinement or sentencing me to time served is not an unreasonable solution and/or request. I am not asking to be released to avoid the remainder of my prison sentence. I am requesting the Court to allow me to obtain critical medical treatment that should have already begun and allow me the ability to recover from the effects of chemotherapy (weakened immune system, fatigue, digestive problems, etc) at home, with my family.

Scott Craig 67178-112
---------------------------------

--

1

Case 2:13-cr-00819-PA   Document 949   Filed 05/22/18   Page 5 of 9   Page ID #:17155

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **EXHIBIT B**

STATUS REPORT REGARDING MEDICAL TREATMENT OF SCOTT CRAIG

4

# Robert Rabe

**From:** Annette Craig
**Sent:** Monday, May 21, 2018 10:58 AM
**To:** Robert Rabe; Muna Busailah
**Subject:** Update on Scott

Good Morning Robert and Muna,

I wanted to give you the latest update on Scott.

After leaving several messages for Chris Synsvoll, I received a call back from Krista Klett in legal on Thursday afternoon May 17, 2018 outlining the following options:
1. Receive medical treatment at a local facility in Colorado
2. Transfer to a BOP Medical Facility in North Carolina
3. Apply for a furlough to receive treatment
4. Apply for compassionate release

Ms. Klett informed me that the only person who could modify Scott's sentence to home confinement would be the sentencing judge. She advised me to contact him though our attorneys and file a motion. I explained to her that we had already done that, and the only reason we believe that Scott is receiving any care at the moment is because of Judge Anderson's involvement.

With regards to the described options 3 and 4, applications for furlough or compassionate release would require that Scott have a treatment plan for chemo to fill out these requests. He is 10 weeks post surgery and we still don't know what the treatment plan will be, therefor making it impossible for him to fill out the requests, yet another delay in getting him the treatment he desperately needs. She further explained to me that transferring Scott to a medical facility in North Carolina would take time and that she couldn't be certain how long until the transfer would be approved and how long it would take until Scott would arrive at the facility and could begin treatment.

On Weds., May 15th Scott had a port for chemo implanted and it is ready for immediate use. He was told that if they didn't start chemo he would need to have the port flushed at 4 weeks.

The BOP has only recently (this week with a status conference scheduled for Weds 5/23/18) offered options according to their policy I believe for the sole purpose of covering themselves legally and saying that the options were made available to Scott. The BOP has dropped the ball from the beginning of his diagnosis in December 2017 and have been negligent in getting him treatment in a reasonable time frame and in accordance with standard medical practice for his diagnosis. The BOP with their delay in providing immediate care and continued lack of chemo treatment (we are 5months since diagnosis) are negligent and putting Scott's life at risk.

We have explored every option that has been made available to both Scott and myself and are in need of immediate intervention for his health and treatment of his cancer. Any direction and help that can be provided to get him this life-saving treatment would be greatly appreciated.


--
Thank you for making a difference in the lives of our teens,

*Annette Craig*

1

# PROOF OF SERVICE

**RE: UNITED STATES OF AMERICA V. SCOTT CRAIG**
**NO.   CR 13-00819-PA**
**NO.   2:18-CV-3479**

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Stone Busailah, LLP, 1055 East Colorado Boulevard, Suite 320, Pasadena, California 91106.

On **MAY 22, 2018**, I served the foregoing document(s) described as **STATUS REPORT REGARDING MEDICAL TREATMENT OF SCOTT CRAIG, and this PROOF OF SERVICE**, in the manner checked below on the below listed, interested parties in this action addressed as follows:

| | |
|---|---|
| Brandon D Fox<br>AUSA - Office of the US Attorney<br>312 North Spring Street 12th Floor<br>Los Angeles, CA 90012<br>Phone: 213-894-0284<br>Fax: 213-894-0141<br>Email: bfox@jenner.com<br>*Attorney for Plaintiff, USA*<br>(Via U.S. Mail and CM/ECF Service) | Assistant 2241-2255 US Attorney LA-CR<br>AUSA - Office of US Attorney<br>Criminal Division - US Courthouse<br>312 North Spring Street<br>Los Angeles, CA 90012-4700<br>Phone: 213-894-2434<br>Email: USACAC.Criminal@usdoj.gov<br>(Via U.S. Mail and CM/ECF Service) |
| Eddie A Jauregui<br>AUSA - Office of the US Attorney<br>Major Frauds Section<br>312 North Spring Street 12th Floor<br>Los Angeles, CA 90012<br>Phone: 213-894-4849<br>Fax: 213-894-0141<br>Email: eddie.jauregui@usdoj.gov<br>*Attorney for Plaintiff, USA*<br>(Via U.S. Mail and CM/ECF Service) | Gregory A Lesser<br>AUSA - Office of US Attorney<br>Criminal Division - US Courthouse<br>312 North Spring Street, 12th Floor<br>Los Angeles, CA 90012-4700<br>Phone: 213-894-6682<br>Fax: 213-894-3713<br>Email: USACAC.Criminal@usdoj.gov<br>*Attorney for Plaintiff, USA*<br>(Via U.S. Mail and CM/ECF Service) |

*(continued on next page)*

STATUS REPORT REGARDING MEDICAL TREATMENT OF SCOTT CRAIG

| | |
|---|---|
| Lizabeth A Rhodes | Bureau of Prisons |
| AUSA - Office of US Attorney | Federal Bureau of Prisons |
| Public Corruption and Civil Rights Section | 320 First St., NW |
| | Washington, DC 20534 |
| 312 North Spring Street 13th Floor | (Via U.S. Mail) |
| Los Angeles, CA 90012 | |
| Phone: 213-894-3541 | Warden Kathy Goetz |
| Fax: 213-894-6436 | FCI Florence |
| Email: lizabeth.rhodes@usdoj.gov | Federal Correctional Institution |
| *Attorney for Plaintiff, USA* | P.O. Box 6500 |
| (Via U.S. Mail and CM/ECF Service) | Florence, CO 81226 |
| | Fax: 719-784-9504 |
| | Email: FLF/ExecAssistant@bop.gov |
| | (Via U.S. Mail, Facsimile and Electronic Mail) |

✓ (BY U.S. MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

✓ (BY ELECTRONIC SERVICE) By electronically mailing a true and correct copy through Stone Busailah's electronic mail system from k.stimpson@police-defense.com to the email address(es) set forth above and/or by providing a true and correct copy of this filing via the CM/ECF System. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

✓ (BY FACSIMILE) I caused such documents to be transmitted from facsimile number (626) 683-5656 to the facsimile machines of FCI Florence, 719-784-9504, prior to 1700 hours on this date. The facsimile machine I used was in compliance with Rule 1003(3) and the transmission was reported as complete and without error. Pursuant to Rule 2205(e), I caused a copy of the transmission report to be properly issued by the transmitting facsimile machine.

❏ (BY PERSONAL SERVICE) I delivered the foregoing document by hand-delivery to the addressee.

❏ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

STATUS REPORT REGARDING MEDICAL TREATMENT OF SCOTT CRAIG

6

1 ✓ (Federal) I declare that I am employed in the office of a member of the bar of this Court at which direction the service was made.

2 Executed on **May 22, 2018** at Pasadena, California.

KATHERINE STIMPSON UCKERT, CP

STATUS REPORT REGARDING MEDICAL TREATMENT OF SCOTT CRAIG

7